# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05cv279

| | |
|---|---|
| RODNEY K. JUSTIN, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on plaintiff's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 and the United States' timely Response to Plaintiff's Motion for Order. Through his motion, plaintiff seeks to quash six administrative subpoenas issued by the Internal Revenue Service requiring his financial institutions to provide certain account information. Having considered all of the pleadings of record, the court makes the following findings and conclusions:

1. This matter has been properly referred to the undersigned United States Magistrate Judge for disposition in accordance with 28, United States Code, Section 636(b), inasmuch as such disposition is not a "Final Order" as specifically provided by 12, United States Code, Section 3410(d) ("A court ruling denying a motion or application under this section shall not be deemed a final order . . . .").

2. This court lacks jurisdiction over plaintiff's motion in accordance with 12, United States Code, Section 3410, inasmuch as the process at issue is an "administrative summons," and plaintiff's motion has not been filed in "the appropriate United States district court." 26, United States Code, Section 7609(h) provides that to have jurisdiction over a particular summons, the motion must be filed in the district "with in which the person being summoned resides or is found . . . ." Each of the summons plaintiff seeks to quash are addressed to financial institutions in districts other than the Western District of North Carolina, and

-1-

plaintiff does not allege that any of the summonsed entities have offices within this district (although the court takes judicial notice that both Wachovia and First Citizens maintain branch offices in this district).

3. More importantly, this court lacks jurisdiction over the United States inasmuch as plaintiff failed to timely serve the United States Attorney for the Western District of North Carolina with a copy of the petition within the time provided by 26, United States Code, Section 7609(b)(2)(B), which provides as follows:

> If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

In turn, the notice provided by the IRS to plaintiff was Form 2039 part D, which required that service be made on the United States in the manner specified by Rule 4, Federal Rules of Civil Procedure. Rule 4 requires service of a copy of the petition and summons on the United States Attorney as well as the Attorney General of the United States by registered or certified mail. The Certificate of Service attached to the petition does not indicate service on the United States Attorney. The United States Attorney was, however, served on December 15, 2005, well outside the 20 day period provided by Section 7609(b)(2)(B), and there is no indication of record that such process was "mailed" on or before the close of the 20-day period.

Failure to serve the United States within the 20 day time period is an incurable procedural defect. Vaughan v. United States, 2002 WL 1058118 (E.D.N.C. 2002). In this case, the IRS sent plaintiff notice of the summonses on November 4, 2005, and notice is given on the day the IRS mails it, Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990). Such petition was due to be filed and served on the United States Attorney on November 24, 2005 (a federal holiday), which moves the deadline to November 25, 2005 (a date on which the court was officially closed), which moves the final deadline to November

28, 2005. Plaintiff filed the instant petition on November 29, 2005, making it one day late. Even if such filing was deemed timely, there is no indication in the pleadings that the United States Attorney was mailed process by such later date.

Section 7609 waives the sovereign immunity of the United States; therefore, the statute's notice requirements are jurisdictional prerequisites and must be strictly enforced by this court. Clay v. United States, 199 F.3d 876, 879 (6th Cir.1999). Based on the foregoing, the court finds that it lacks jurisdiction to consider the relief requested in the petition due to the petitioners failure to comply with Section 7609(b)(2)(B) and Rule 4(i)(1). Having determined that the jurisdictional prerequisites of Section 7609 were not satisfied, the court cannot address the merits of the instant petition.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 is **DENIED** for lack of jursidiction.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se* is advised in accordance with 12, United States Code, Section 3410(d), that this Order is **not** a final order and that **no** interlocutory appeal may be taken herefrom. An appeal from this Order may only be taken by him (1) within such period of time as provided by law as part of any appeal from a final order in any legal proceeding initiated against her by the United States that arises out of the production of such financial records, i.e., a criminal prosecution, or (2) within 30 days of notification to him by the United States that no legal proceeding is contemplated against him.

In the event no legal proceeding is initiated against plaintiff, the United States is required to notify this court within 180 days of the filing of this Order and certify that no such determination has been made.

**Signed: January 3, 2006**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge