# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05cv279

| | |
|---|---|
| RODNEY K. JUSTIN, | ) |
| Plaintiff, | ) |
| Vs. | ) **AMENDED ORDER** |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on plaintiff's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 and the United States' timely Response to Plaintiff's Motion for Order, captioned as a Motion to Dismiss and a Memorandum of Law in Support. On January 3, 2006, plaintiff filed his response to such motion, even though a reply to the response was not anticipated by the court and appears to be beyond the scope of the *Financial Privacy Act of 1978*, in that a reply would press the court's ability to consider and dispose of the petition within seven days of the government's response. Such pleading was transmitted to the undersigned on January 4, 2005. Based on receiving such reply on January 4, 2006, the court has reconsidered its Order of January 3, 2006, and enters this amended order.

Through his petition, plaintiff seeks to quash six administrative subpoenas issued by the Internal Revenue Service requiring his financial institutions to provide certain account information. Plaintiff received "notice" of the first four summonses on November 4, 2005, and the last two on November 14, 2005. Having considered all of the pleadings of record, as such record has now been supplemented, the court makes the following findings and conclusions:

1. This matter has been properly referred to the undersigned United States Magistrate Judge for disposition in accordance with 28, United States Code, Section 636(b), inasmuch as such disposition is not a "Final Order" as specifically provided by 12, United States Code, Section 3410(d) ("A court ruling denying a motion or application under this section shall not be

deemed a final order . . . .").

2. This court lacks jurisdiction over plaintiff's motion in accordance with 12, United States Code, Section 3410, inasmuch as the process at issue is an "administrative summons," and plaintiff's motion has not been filed in "the appropriate United States district court." 26, United States Code, Section 7609(h) provides that to have jurisdiction over a particular summons, the motion must be filed in the district "with in which the person being summoned resides or is found . . . ." Each of the summons plaintiff seeks to quash are addressed to financial institutions in districts other than the Western District of North Carolina, and plaintiff does not allege that any of the summonsed entities have offices within this district (although the court takes judicial notice that both Wachovia and First Citizens maintain branch offices in this district).

3. More importantly, this court lacks jurisdiction over the United States inasmuch as plaintiff failed to timely serve the United States Attorney for the Western District of North Carolina with a copy of the petition within the time provided by 26, United States Code, Section 7609(b)(2)(B), which provides as follows:

> If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

In turn, the notice provided by the IRS to plaintiff was on Form 2039 part D, which required that service be made on the United States in the manner specified by Rule 4, Federal Rules of Civil Procedure. Rule 4 requires service of a copy of the petition and summons on the United States Attorney as well as the Attorney General of the United States by registered or certified mail. The Certificate of Service attached to the petition does not indicate service on the United States Attorney. The United States Attorney was, however, served on December 15, 2005, well outside the 20 day period provided by Section 7609(b)(2)(B), and there is no indication of record that such process was "mailed" on or before the close of the

20-day period. Plaintiff does not dispute this later service date in his reply.

Failure to serve the United States within the 20 day time period is an incurable procedural defect. Vaughan v. United States, 2002 WL 1058118 (E.D.N.C. 2002). In this case, the IRS sent plaintiff notice of the first four summonses on November 4, 2005, and the last two on November 14, 2005. Notice is given on the day the IRS mails it. Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990). Regardless of when the petition was filed, notice of such petition was due to be mailed or served on the served on the United States Attorney not later than on November 24, 2005 (a federal holiday), which moves the deadline to November 28, 2005, as to the first four summonses, and December 5, 2005, at to the last two petitions.

Even if such filing was deemed timely, there is no indication in the pleadings that the United States Attorney was mailed process by either date. The only evidence is that the United States Attorney was first served with process on December 15, 2005, which is well outside the 20 day requirement. Plaintiff does not contest this service date in his reply.

Section 7609 waives the sovereign immunity of the United States; therefore, the statute's notice requirements are jurisdictional prerequisites and must be strictly enforced by this court. Clay v. United States, 199 F.3d 876, 879 (6th Cir.1999). Based on the foregoing, the court finds that it lacks jurisdiction to consider the relief requested in the petition due to the petitioner's failure to comply with Section 7609(b)(2)(B) and Rule 4(i)(1).

Plaintiff has argued in his brief that he should have 120 days to serve the United States Attorney inasmuch as the statute invokes service under Rule 4. Form 2039 part D, requires that service be made on the United States in the manner specified by Rule 4, Federal Rules of Civil Procedure, not within the time frame of Rule 4. Instead, the time limits are set by Congress in 26, United States Code, Section 7609(b)(2). Because this court must strictly construe these requirements, the undersigned can find no basis on which to waive the 20 day requirement and cannot reach the merits of plaintiff's claim that the summonses are

improper. This is so because the court's jurisdiction over each summons divested when petitioner failed to serve the United States Attorney within 20 days after the IRS sent each notice to plaintiff. While plaintiff has presented an excellent brief in support of his petition, the court is simply without jurisdiction to consider it.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Quash Third Party IRS Summonses is **DENIED** for lack of jurisdiction.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se* is advised in accordance with 12, United States Code, Section 3410(d), that this Order is **not** a final order and that **no** interlocutory appeal may be taken here from. An appeal from this Order may only be taken by him (1) within such period of time as provided by law as part of any appeal from a final order in any legal proceeding initiated against her by the United States that arises out of the production of such financial records, i.e., a criminal prosecution, or (2) within 30 days of notification to him by the United States that no legal proceeding is contemplated against him.

In the event no legal proceeding is initiated against plaintiff, the United States is required to notify this court within 180 days of the filing of this Order and certify that no such determination has been made.

**Signed: January 5, 2006**

Dennis L. Howell
United States Magistrate Judge